S. B. GOODENOW, Appellee, v. GEORGE FRIOTT, Appellant.

Fraudulent Conveyances: INTENT TO PREVENT SEIZURE UNDER EXECUTION: CONSIDERATION. A transfer of personal property in consideration of the assumption by the grantee of a mortgage thereon, and of the satisfaction of an indebtedness due said grantee from the grantor, but with the mutual purpose to prevent the seizure and sale of said property under execution on a judgment held by another creditor against the grantor, is not invalid in the absence of any intent to defraud.

*Appeal from Ida District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

SATURDAY, JANUARY 20, 1894.

ACTION to recover the possession of specific personal property. After the evidence had been fully submitted in the district court, a motion to direct a verdict for the plaintiff was sustained, and judgment was rendered in his favor. The defendant appeals. *Affirmed.*

*Charles S. Macomber*, for appellant.

*F. F. Kiner*, for appellee.

ROBINSON, J.—The property in controversy consists of horses, colts, cattle and harness, of the alleged aggregate value of six hundred and thirty-five dollars. The plaintiff claimed to be the unqualified owner of the property by virtue of a bill of sale thereof made to him by his son, F. R. Goodenow, on the twentieth day of August, 1891. The defendant is a constable, and claims the right to possess the property by virtue of an execution issued for the satisfaction of a judgment in favor of William Mitchell, and against F. R. Goodenow. The defendant further claims that the bill of sale on which the plaintiff relies was given for the purpose of defrauding the creditors of the son, and that it is fraudulent and void.

The evidence shows that when the bill of sale was made the property was mortgaged to two persons for the aggregate amount of five hundred and forty-seven dollars and eighteen cents, and that the son was owing his father five hundred and forty dollars. The consideration of the bill of sale was the payment of the two mortgages by the father, and the canceling of his claims against the son. The value of the property was not much in excess of six hundred dollars. Hence the father paid for it more than it was worth. At the time the bill of sale was made, both the father and son knew of the Mitchell judgment, and that an attempt was about to be made to collect it, although no levy was made under the execution until five days later. One object the parties to the bill of sale designed to accomplish by it was to prevent the seizure and forced sale of the property. They desired that as much as possible should be realized from it for the benefit of the creditors of the son. It is true

that some creditors were preferred to others, but the son had the right to make such preferences, and the father had the right to secure himself, even though, by so doing, he hindered the collection of the claims of other creditors. But there was no evidence of an intent on the part of either, father or son, to defraud, in a legal sense, any of the creditors of the latter, by executing the bill of sale. The court, therefore, properly directed a verdict for the plaintiff. Its judgment is AFFIRMED.